IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALISA ANSLEY, Administrator of the Estate of JAMES W. ANSLEY, deceased, </br></br>Plaintiff, </br></br>v. </br></br></br>PROFESSIONAL RESOURCES MANAGEMENT, INC. d/b/a BULLOCK COUNTY HOSPITAL; IRENEO V. DOMINGO, JR., M.D.; THE HEALTH CARE AUTHORITY FOR BAPTIST HEALTH, AN AFFILIATE OF UAB HEALTH SYSTEM, d/b/a BAPTIST MEDICAL CENTER SOUTH, et al., </br></br>Defendants. | </br></br></br></br></br></br>CIVIL ACTION NO. 2:13-cv-00619-WHA </br>(WO) |

## **MEMORANDUM OPINION AND ORDER**

### I. **INTRODUCTION**

This cause is before the court on a Motion to Remand filed on September 10, 2013 by the Plaintiff, Alisa Ansley, as administrator of the Estate of James W. Ansley, deceased.

The Plaintiff originally filed a Complaint in this case on July 19, 2013 in the Circuit Court of Bullock County, Alabama. In the original Complaint, the Plaintiff brought claims against Defendant Inmed Group d/b/a Bullock County Hospital and several fictitious defendants for medical negligence and wrongful death (Count One), vicarious liability (Count Two), the Emergency Medical Treatment and Active Labor Act ("EMTALA") (Count Three), and nondelegable duty (Count Four). The Plaintiff also brought a claim against Defendant Dr. Ireneo Domingo and several fictitious defendants for medical negligence and wrongful death (Count

Five). Finally, the Plaintiff brought claims against Baptist Health Center d/b/a Baptist Medical Center South and several fictitious defendants for medical negligence and wrongful death (Count Six), vicarious liability for Drs. Moorehouse, Sullivan, and Kim (Count Seven), spoliation of evidence (Count Eight), breach of contract (Count Nine), and nondelegable duty (Count Ten).

On August 29, 2013, the Defendants removed the case to this court on the basis of federal-question jurisdiction related to EMTALA. That same day, Baptist Health Center filed its Answer. On September 4, 2013, Inmed Group and Dr. Domingo filed their Answers. On September 6, 2013, the Plaintiff filed her First Amended Complaint.

In Plaintiff's First Amended Complaint, she dropped her federal claim under EMTALA and brings state law claims against Professional Resource Management, Inc. d/b/a Bullock County Hospital and several fictitious defendants for medical negligence and wrongful death (Count One), vicarious liability (Count Two), and nondelegable duty (Count Three). The Plaintiff also brings claims against Dr. Domingo and several fictitious defendants for medical negligence and wrongful death (Count Four). Finally, the Plaintiff brings claims against The Health Care Authority for Baptist Health, an Affiliate of UAB Health System, d/b/a Baptist Medical Center South and several fictitious defendants for medical negligence and wrongful death (Count Five), vicarious liability for Drs. Moorehouse, Sullivan, and Kim (Count Six), spoliation of evidence (Count Seven), breach of contract (Count Eight), and nondelegable duty (Count Nine).

For reasons to be discussed, the Motion to Remand is due to be **GRANTED**.

## II.  MOTION TO REMAND STANDARD

Federal courts are courts of limited jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v.*

*Republican State Exec. Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983), *cert. denied*, 465 U.S. 1103 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 511 U.S. at 377. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns*, 31 F.3d at 1095.

### III. FACTS AND PROCEDURAL HISTORY

After two days of experiencing chest pain, James Ansley arrived at the Bullock County Hospital on the afternoon of July 20, 2012. From approximately 2:30 p.m. to 5:30 p.m., Mr. Ansley was treated by Bullock County medical staff, including Defendant Dr. Ireneo Domingo. At 5:30 p.m., Mr. Ansley was transferred to Baptist Medical Center South where he arrived at 6:30 p.m. At 9:45 p.m. that night, he was pronounced dead. According to the First Amended Complaint, the final diagnoses were chest pain and pulmonary embolism.

The administrator of Mr. Ansley's estate, Alisa Ansley, initially filed the Complaint in this case in state court. However, the Defendants removed the case to federal court on the basis of the Complaint's EMTALA count. After removal, the Plaintiff amended the Complaint, removing the EMTALA claim and removing all other references to EMTALA. The Plaintiff subsequently filed a Motion to Remand for lack of subject matter jurisdiction.

### IV. DISCUSSION

Federal courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Such federal-question jurisdiction may be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created expressed or implied private

remedy for violations of a federal statute." *Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998) (citing *City of Huntsville v. City of Madison*, 24 F.3d 169, 171–72 (11th Cir. 1994)). "Although the vast majority of cases that fall within such federal-question jurisdiction are cases that arise under federal law that creates a cause of action, in limited circumstances, federal-question jurisdiction may also be available if a substantial, disputed question of federal law is a necessary element of a state cause of action." *Id.* If jurisdiction exists because of a federal claim, the federal court also has supplemental jurisdiction over related state law claims. 28 U.S.C. § 1367.

Here the Defendants make two arguments against remanding this case to state court. First, the Defendants argue that the Plaintiff only removed the EMTALA claim in an effort to forum-shop, a practice which the Defendants argue this court should forbid. Second, the Defendants argue that, although the EMTALA claim and any other reference to EMTALA have been removed, "the allegations of an EMTALA claim for an improper transfer and failing to timely treat an emergent condition remain," and thus federal-question jurisdiction remains. (Doc. # 20 at 9.)

The critical juncture for determining subject matter jurisdiction from pleadings is the time of removal. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). Under the well-pleaded complaint rule, this court had federal-question jurisdiction at the time of removal. *See Brock v. DeBray*, 869 F. Supp. 926, 927–28 (M.D. Ala. 1994) ("At the time Defendants removed this case to federal court, the Plaintiffs' complaint contained claims for alleged violations of Plaintiffs' federal due process rights. Thus, the complaint raised claims which arose under federal law, and removal was proper."). The court rejects the Plaintiff's contention that it no longer has jurisdiction after the Complaint was amended to eliminate the federal claim. "The simple act of amending the complaint does not automatically remove the case from the court's purview." *Id.* at

928. This court still has supplemental jurisdiction over the remaining state law claims. *Id.* The court may, however, decline to exercise that jurisdiction after weighing considerations of "economy, convenience, fairness and comity in order to decide whether to exercise jurisdiction over a case [...] involving pendent state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). And, as discussed in *Carnegie–Mellon*, whether a plaintiff is attempting to forum-shop by removing his or her federal claim is not determinative, but is only one other factor to be considered. *Id.* at 357.

The Defendants focus on the alleged forum manipulation in this case as grounds for remand. However, this is only one consideration to be taken into account, and, after applying the *Carnegie–Mellon* factors in this case, this court determines that the case should be remanded to state court.

As stated in *Carnegie–Mellon*, the factors to consider in determining whether to retain jurisdiction over pendent state-law claims when federal claims have been deleted are "economy, convenience, fairness and comity." 484 U.S. at 350. First, considerations of economy do not weigh in favor of retaining the case in federal court. This case is at the early stages of litigation. The original Complaint was filed on July 19, 2013, and the Defendants have only filed their Answers to the original Complaint and the First Amended Complaint. Apart from the motion for remand in this case, no other actions have been taken, and thus it will not constitute a significant waste of judicial resources to remand the case at this time. Furthermore, because the litigation is at its early stages, remanding to state court will not be particularly inconvenient to the Defendants. Moreover, while the Defendants argue that the Plaintiff has deleted the EMTALA claim in order to deprive the Defendants of a federal forum, fairness still weighs in favor of the case being litigated in the Plaintiff's chosen forum under the Plaintiff's chosen theories. Finally,

the Plaintiff concedes that the EMTALA claim is untenable, (Doc. # 21 at 1), the remaining claims in this case concern interpretation and application of Alabama law, and thus comity weighs in favor of remand. As the Supreme Court noted in *Carnegie–Mellon*, "[w]hen the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction." 484 U.S. at 351. For these reasons, the *Carnegie–Mellon* factors weigh in favor of remanding this case. As this court stated in its earlier *Brock* case in remanding supplemental state law claims after an amendment dropping federal claims:

> The court agrees that Plaintiffs may be attempting to forum shop by excising their federal claims and seeking remand. However, the factors in this case still weigh in favor of remand. The court may have reached a different conclusion had Plaintiffs' tactics occurred at a later stage in the litigation when substantial judicial resources had already been expended.

869 F. Supp. at 929.

As to the Defendants' second argument, the framework for a potential EMTALA claim is not the same as asserting an EMTALA claim. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim."). While it is true that the Plaintiff has removed references to EMTALA and replaced those references with generalized language of, for example, "other guidelines," (Doc. # 9 ¶ 61), the Plaintiff is no longer asserting the EMTALA claim. While EMTALA might factor in as evidence bearing on a state law standard of care or other element of the Plaintiff's case, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986). Thus, despite the Plaintiff's possible use of EMTALA in the future, these references alone do not confer jurisdiction. *See Sercye–McCollum v.*

*Ravenswood Hosp. Med. Ctr.*, 140 F. Supp. 2d 944, 946 (N.D. Ill. 2001) (rejecting the Defendants' argument that, "while plaintiffs may not have explicitly alleged an EMTALA claim, plaintiffs' state law claims are really 'federal claims in state law wrapping paper'").

## IV. **CONCLUSION**

For the reasons set out above, this court declines to exercise its supplemental jurisdiction over the remaining state law claims, and it is hereby

ORDERED as follows:

1. Plaintiff's Motion to Remand is GRANTED.

2. This case is remanded to the Circuit Court of Bullock County, Alabama.

3. The Clerk is DIRECTED to take the necessary steps to effect the remand.

DONE this 25th day of October, 2013.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE